**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PurposeBuilt Brands, Inc., | Case No. 1:26-cv-06152 |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| v. | |
| Great Innovations, LLC, | **(1) TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1);** |
| Defendant. | **(2) TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);** |

**(1) TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1);**

**(2) TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**

**(3) TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**

**(4) TRADEMARK DILUTION IN VIOLATION OF 765 ILCS 1036/65;**

**(5) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**

**(6) TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**

**(7) TRADE DRESS DILUTION IN VIOLATION OF 765 ILCS 1036/65;**

**(8) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);**

**(9) DECEPTIVE TRADE PRACTICES IN VIOLATION OF 815 ILCS 510/2;**

**(10) DECEPTIVE BUSINESS PRACTICES IN VIOLATION OF 815 ILCS 505/2;**

**(11) COMMON LAW TRADEMARK INFRINGEMENT;**

**(12) COMMON LAW TRADE DRESS INFRINGEMENT; AND**

**(13) COMMON LAW UNFAIR COMPETITION AND DILUTION**

**Jury Trial Demanded**

1

## COMPLAINT

Plaintiff PurposeBuilt Brands, Inc. ("PurposeBuilt Brands"), for its complaint against Defendant, Great Innovations, LLC ("Defendant"), alleges as follows:

### The Parties

1.     PurposeBuilt Brands is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 755 Tri-State Parkway, Gurnee, Illinois 60031.

2.     On information and belief, Great Innovations, LLC is a company organized and existing under the laws of the State of Florida with a principal place of business at 2301 SW 145th Avenue, Miramar, Florida 33027.

### Jurisdiction and Venue

3.     This is an action for trademark and dress infringement, trademark and trade dress dilution, unfair competition and false designation of origin, and deceptive practices. This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* ("Lanham Act"), the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/1, *et seq.*, the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*, the Illinois Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*, and federal common law and state common law, including the law of Illinois.

4.     This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

5.     This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant is purposefully and intentionally availing itself of the privileges of doing business in the State of Illinois, including in this District. Among other things, (i) Defendant has advertised,

marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, infringing products to customers and/or potential customers, including in this District, at least through Home Depot, (ii) Defendant's tortious acts giving rise to this lawsuit and harm to PurposeBuilt Brands have occurred and are occurring in the State of Illinois, including in this District, (iii) on information and belief, Defendant acted with knowledge that its unauthorized use of PurposeBuilt Brands' rights would cause harm to PurposeBuilt Brands in the State of Illinois and in this District, and (iv) Defendant's customers and/or potential customers reside in the State of Illinois, including in this District.

6. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(a)-(d).

**General Allegations – PurposeBuilt Brands' Intellectual Property**

7. For over sixty years, PurposeBuilt Brands (including its predecessors and family of companies) has continuously engaged in the development, manufacture, and sale of cleaning products. Among other products, PurposeBuilt Brands and/or its predecessor have made and sold 30 Seconds® cleaning products for years, including 30 Seconds Outdoor Cleaner® products with the appearance shown and described below (the "30 Seconds Outdoor Cleaner® Products").

8. PurposeBuilt Brands' 30 Seconds Outdoor Cleaner® Products are sold in distinctive packaging that includes, *inter alia*, a simulated "brush stroke" mark. PurposeBuilt Brands and its brand predecessor have extensively and continuously promoted and used distinctive packaging and a "brush stroke" mark in connection with 30 Seconds Outdoor Cleaner® Products in the United States and in Illinois. Through extensive and continuous promotion and use, PurposeBuilt Brands' packaging and "brush stroke" mark have become well-known indicators of the origin and quality of PurposeBuilt Brands' 30 Seconds Outdoor

Cleaner® Products. The packaging and "brush stroke" mark used in connection with PurposeBuilt Brands' 30 Seconds Outdoor Cleaner® Products also have acquired substantial secondary meaning in the marketplace and have become famous. As discussed in more detail below, PurposeBuilt Brands owns trademark and trade dress rights relating to its 30 Seconds Outdoor Cleaner® Products.

9. The "brush stroke" mark and packaging for the 30 Seconds Outdoor Cleaner® Products help consumers recognize PurposeBuilt Brands as the source of the products and help distinguish 30 Seconds Outdoor Cleaner® Products in the marketplace, including from competitors. PurposeBuilt Brands and its predecessor have marketed and sold the 30 Seconds Outdoor Cleaner® Products for many years with a label having a diagonal "brush stroke" mark that separates one portion of the label from another portion of the label, where one portion has a color tone (e.g., blue) that is different than the color tone of the other portion (e.g., red). 30 Seconds Outdoor Cleaner® Products are also marketed and sold in a white bottle, including to highlight the label of PurposeBuilt Brands' 30 Seconds Outdoor Cleaner® Products to consumers. PurposeBuilt Brands markets and sells its 30 Seconds Outdoor Cleaner® Products in various sizes, including a 1-gallon bottle, an exemplary image of which is shown in Illustration 1 below.

| Illustration 1: Exemplary Image of a 30 Seconds Outdoor Cleaner® Product |
|---|
|  |

10.     PurposeBuilt Brands and its predecessor have enjoyed significant sales of 30 Seconds Outdoor Cleaner® Products throughout the United States, including sales to customers in the State of Illinois. For example, 30 Seconds Outdoor Cleaner® Products have been sold through national retailers such as Home Depot, Lowe's, Wal-Mart, Menards, Tractor Supply, and Ace Hardware and through online marketplaces such as Amazon. PurposeBuilt Brands and its predecessor have invested significant resources in the design, development, manufacture, advertising, and marketing of 30 Seconds Outdoor Cleaner® Products. 30 Seconds Outdoor Cleaner® Products have also been consistently featured in advertising, at trade shows, on the Internet, and in in-store displays.

11.     In view of the extensive and continuous use of the "brush stroke" mark in connection with its 30 Seconds Outdoor Cleaner® Products and other products throughout the

United States and Illinois, consumers have come to associate the "brush stroke" mark as a source identifier of PurposeBuilt Brands, and PurposeBuilt Brands owns trademark rights in the "brush stroke" mark. Further, PurposeBuilt Brands owns Trademark Registration Nos. 4,785,878 ("the '878 Registration") and 4,900,461 ("the '461 Registration") for the marks shown below for "cleaning preparations; cleaning preparations for outdoor surfaces; stain removers; and stain removers for outdoor surfaces" in International Class 3, "biocides; fungicides; algaecides; and chemical preparations for controlling and removing algae, moss, lichen, and mold" in International Class 5, and "hand-operated sprayers for cleaning preparations, stain removers, and liquid preparations for controlling and removing algae, moss, lichen, and mold" in International Class 8. Copies of the '878 and '461 Registrations are attached as Exhibits 1-2. Additionally, the '878 and '461 Registrations are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and thus serve as conclusive evidence of their validity and of PurposeBuilt Brands' exclusive rights to use these marks in commerce pursuant to 15 U.S.C. § 1115(b). PurposeBuilt Brands also has common law rights in the "brush stroke" trademark based on PurposeBuilt Brands' use of the "brush stroke" trademark in commerce in connection with PurposeBuilt Brands' goods, including, *inter alia*, its 30 Seconds Outdoor Cleaner® Products. PurposeBuilt Brands' rights in the "brush stroke" trademark, including the '878 and '461 Registrations and its common law rights, are collectively referred to as "PurposeBuilt Brands' Brush Stroke Trademark." Example illustrations of PurposeBuilt Brands' Brush Stroke Trademark are provided below.

6

| U.S. Trademark Registration No. | Brush Stroke Trademark Example | Exhibit |
|---|---|---|
| 4,785,878 | | 1 |
| 4,900,461 | | 2 |

12. The packaging of the 30 Seconds Outdoor Cleaner® Products has distinctive and non-functional features that identify to consumers that the origin of the products is PurposeBuilt Brands. As a result of at least PurposeBuilt Brands' continuous and exclusive use of distinctive packaging of the 30 Seconds Outdoor Cleaner® Products, PurposeBuilt Brands' marketing, advertising, and sales of the 30 Seconds Outdoor Cleaner® Products, and the highly valuable goodwill, substantial secondary meaning, and fame acquired as a result, PurposeBuilt Brands also owns trade dress rights in the packaging of its 30 Seconds Outdoor Cleaner® Products, which consumers have come to uniquely associate with PurposeBuilt Brands.

13. PurposeBuilt Brands has trade dress rights in the overall look and appearance of the packaging of its 30 Seconds Outdoor Cleaner® Products, including, but not limited to: the color scheme, color contrast, and color combinations of the overall packaging, including use of a red, white and blue primary color scheme with a white bottle and a label that is predominantly red and blue but also includes white and yellow coloring; the look, appearance, and color scheme of the label on the packaging, including being predominantly blue and red, having blue and red

7

background portions separated by a simulated "brush stroke" and overlaid with predominantly white text and text highlighted with a red horizontal background; an analog clock display on the label of the packaging; a name prominently displayed in white text on the label of the packaging that comprises a temporal-based element above the emphasized phrase "OUTDOOR CLEANER"; images in a line on the label of the packaging that show applications for the product and that depict the application surface before and after the product is used; and the relationship of these features to each other and to other features. PurposeBuilt Brands' rights in the 30 Seconds Outdoor Cleaner® Products packaging trade dress, including the overall look and appearance of the packaging and all common law rights in the packaging, are collectively referred to as "PurposeBuilt Brands' Trade Dress."

14. As a result of at least PurposeBuilt Brands' exclusive, continuous, and substantial use, marketing, advertising, and sales of its 30 Seconds Outdoor Cleaner® Products with packaging bearing PurposeBuilt Brands' Trade Dress, PurposeBuilt Brands' Trade Dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate PurposeBuilt Brands' Trade Dress as a source identifier of PurposeBuilt Brands. The 30 Seconds Outdoor Cleaner® Products with packaging bearing PurposeBuilt Brands' Trade Dress have also received substantial unsolicited publicity, further demonstrating the strength of secondary meaning and the extent of goodwill in the marketplace for the products, including recognition as a "top" home product that "lives up to the hype" and that has been "relied on [] for decades."

**General Allegations – Defendant's Unlawful Activities**

15. Defendant has purposefully advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to purposefully advertise, market,

promote, offer for sale, sell, distribute, manufacture, and/or import, products that violate PurposeBuilt Brands' rights, including PurposeBuilt Brands' trademark and trade dress rights. Defendant's infringing products use marks and packaging that are confusingly similar to PurposeBuilt Brands' "brush stroke" mark and trade dress. Defendant's actions have all been without the authorization of PurposeBuilt Brands.

16. As discussed in more detail below, Defendant is selling cleaning products that infringe PurposeBuilt Brands' trademark and trade rights. Defendant is trying to confuse consumers into thinking that its cleaning products are associated with, sponsored by, or approved by PurposeBuilt Brands, when they are not. And Defendant has already succeeded in doing so, despite just launching its infringing products. In fact, in just a short time, Defendant's actions have caused multiple instances of actual confusion that PurposeBuilt Brands is aware of, and have likely caused many others. Defendant's actions are unlawful, and they must stop. Defendant must also compensate PurposeBuilt Brands for Defendant's violations of the law.

17. Defendant's infringing products include at least its Spray N Gone 1 Minute Outdoor Cleaner products ("1 Minute Outdoor Cleaner Products"). An exemplary image of Defendants' infringing 1 Minute Outdoor Cleaner Products is shown in Illustration 2 below. A comparison of an exemplary image of an infringing 1 Minute Outdoor Cleaner Product offered by Defendant with an exemplary image of a 30 Seconds Outdoor Cleaner® Product sold by PurposeBuilt Brands is shown in Illustration 3 below.

**Illustration 2: Exemplary Image of Infringing 1 Minute Outdoor Cleaner Products**



| Illustration 3: Comparison of Exemplary Infringing 1 Minute Outdoor Cleaner Product with Exemplary 30 Seconds Outdoor Cleaner® Product | |
|---|---|
| | |
| Exemplary Image of a Defendant 1 Minute Outdoor Cleaner Product | Exemplary Image of a PurposeBuilt Brands 30 Seconds Outdoor Cleaner® Product |

18. Defendant's 1 Minute Outdoor Cleaner Products purposefully use a confusingly similar imitation of PurposeBuilt Brands' Brush Stroke Trademark and purposefully imitate PurposeBuilt Brands' Trade Dress, including the overall look and feel of the packaging of PurposeBuilt Brands' 30 Seconds Outdoor Cleaner® Products and individual elements of the packaging, as well as the relationship of these features to each other and to other features. For example, the color scheme, color contrast, and color combinations of the packaging of Defendant's 1 Minute Outdoor Cleaner Products and the packaging of PurposeBuilt Brands' 30 Seconds Outdoor Cleaner® Products are similar, including that each have a white bottle and a label that is predominantly red and blue but also includes white and yellow coloring. As another example, the look, appearance, and color scheme of the label on the packaging of Defendant's 1 Minute Outdoor Cleaner Products and the packaging of PurposeBuilt Brands' 30 Seconds

11

Outdoor Cleaner® Products are similar, including that each are predominately blue and red, have blue and red background portions separated by a simulated "brush stroke" and overlaid with predominantly white text and text highlighted with a red horizontal background, that each have an analog clock display on the label of the packaging, that each have a name prominently displayed in white text on the label of the packaging that comprises a temporal-based element above the emphasized phrase "OUTDOOR CLEANER" (i.e., "1 MINUTE" for the infringing 1 Minute Outdoor Cleaner Products and "30 SECONDS" for the 30 Seconds Outdoor Cleaner® Products), and that each have images in a line on the label of the packaging that show applications for the product and that depict the application surface before and after the product is used.

19. Defendant's 1 Minute Outdoor Cleaner Products are also offered in the same channels of trade, through the same stores, and in the exact same size as certain PurposeBuilt Brands' 30 Seconds Outdoor Cleaner® Products. For example, Defendant's 1 Minute Outdoor Cleaner Products and PurposeBuilt Brands' 30 Seconds Outdoor Cleaner® Products are both sold at Home Depot in 1 gallon sizes.

20. As a result of Defendant's activities related to its infringing 1 Minute Outdoor Cleaner Products, there is a likelihood of confusion between Defendant and its products on the one hand, and PurposeBuilt Brands and its products on the other hand.

21. PurposeBuilt Brands used PurposeBuilt Brands' Brush Stroke Trademark and Trade Dress extensively and continuously before Defendant began advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing into the United States its infringing 1 Minute Outdoor Cleaner Products (along with relevant uses by its predecessor, the goodwill of which is now owned by PurposeBuilt Brands). Moreover, PurposeBuilt Brands'

Brush Stroke Trademark and Trade Dress became famous and acquired secondary meaning in the United States and in the State of Illinois before Defendant commenced its unlawful use of PurposeBuilt Brands' Brush Stroke Trademark and Trade Dress and/or colorable imitations thereof.

22.     Defendant engages in substantial activity in Illinois and this District. Examples of Defendant's activity in Illinois and this District include: (i) Defendant's 1 Minute Outdoor Cleaner Products can be purchased in Illinois, including in this District, and (ii) Defendant's principal website reaches into Illinois, including into this District.

23.     On information and belief, Defendant's conduct described above fits a pattern of business practices that has forced other intellectual property owners to seek legal recourse against Defendant, including at least in Case No. 3:13-cv-02931-D (N.D. Tex.), ECF 1 (complaint against Defendant for, *inter alia*, trademark infringement and dilution and related claims); Case No. 1:12-cv-03997-WSD (N.D. Ga.), ECF 1 (complaint against Defendant for, *inter alia*, trade dress and patent infringement); and Case No. 0:24-cv-61564-AHS (S.D. Fla.), ECF 1 (complaint against Defendant for, *inter alia*, patent infringement).

24.     On information and belief, as evidenced at least by the facts and circumstances alleged above, Defendant's infringements have been intentional and willful, in bad faith, and manifest a deliberate and knowing disregard of PurposeBuilt Brands' Brush Stroke Trademark and Trade Dress, making this an exceptional case under 15 U.S.C. § 1117 and entitling PurposeBuilt Brands to, among other things, Defendant's profits, actual damages, enhanced damages, and attorneys' fees under at least 15 U.S.C. § 1117, 765 ILCS 1036/65 and 1036/70, and 815 ILCS 505/10a.

**Count I:**
**Trademark Infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

25.     PurposeBuilt Brands re-alleges each and every allegation set forth in paragraphs 1 through 24, inclusive, and incorporates them by reference herein.

26.     Defendant's advertisement, promotion, offers to sell, sales, distribution, manufacture, and/or importation of the 1 Minute Outdoor Cleaner Products violate Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), by infringing PurposeBuilt Brands' rights in the '878 and '461 Registrations, which are incontestable and therefore serve as conclusive evidence of their validity and of PurposeBuilt Brands' exclusive rights to use these marks in commerce. Defendant's use of PurposeBuilt Brands' federally registered trademarks protected by the '878 and '461 Registrations and/or colorable imitations thereof is likely to cause confusion, or to cause mistake, and/or to deceive.

27.     Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark and/or colorable imitations thereof in connection with the infringing products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to PurposeBuilt Brands for which PurposeBuilt Brands has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with PurposeBuilt Brands' Brush Stroke Trademark, PurposeBuilt Brands' products, and PurposeBuilt Brands.

28.     On information and belief, Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark and/or colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the 1 Minute Outdoor Cleaner Products to PurposeBuilt Brands' 30 Seconds Outdoor Cleaner® Products (as demonstrated in Illustration 3 above), Defendant's infringement of PurposeBuilt Brands' other rights, and Defendant's continuing disregard for PurposeBuilt Brands' rights.

14

29. PurposeBuilt Brands is entitled to injunctive relief, and PurposeBuilt Brands is entitled to recover at least Defendant's profits, PurposeBuilt Brands' actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

**Count II:**
**Trademark Infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

30. PurposeBuilt Brands re-alleges each and every allegation set forth in paragraphs 1 through 29, inclusive, and incorporates them by reference herein.

31. Defendant's advertisement, promotion, offers to sell, sales, distribution, manufacture, and/or importation of the 1 Minute Outdoor Cleaner Products violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by infringing PurposeBuilt Brands' Brush Stroke Trademark. Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendant with PurposeBuilt Brands and as to the origin, sponsorship, and/or approval of the infringing 1 Minute Outdoor Cleaner Products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with PurposeBuilt Brands.

32. PurposeBuilt Brands' Brush Stroke Trademark is entitled to protection under the Lanham Act. PurposeBuilt Brands' Brush Stroke Trademark is inherently distinctive. PurposeBuilt Brands has extensively and continuously promoted and used PurposeBuilt Brands' Brush Stroke Trademark in the United States. Through that extensive and continuous use, PurposeBuilt Brands' Brush Stroke Trademark has become a well-known indicator of the origin and quality of PurposeBuilt Brands' products. PurposeBuilt Brands' Brush Stroke Trademark has also acquired substantial secondary meaning in the marketplace. Moreover, PurposeBuilt

15

Brands' Brush Stroke Trademark acquired this secondary meaning before Defendant commenced its unlawful use of PurposeBuilt Brands' Brush Stroke Trademark and colorable imitations thereof in connection with the infringing 1 Minute Outdoor Cleaner Products.

33. Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark and/or colorable imitations thereof in connection with the infringing products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to PurposeBuilt Brands for which PurposeBuilt Brands has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with PurposeBuilt Brands' Brush Stroke Trademark, PurposeBuilt Brands' products, and PurposeBuilt Brands.

34. On information and belief, Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark and/or colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the 1 Minute Outdoor Cleaner Products to PurposeBuilt Brands' 30 Seconds Outdoor Cleaner® Products (as demonstrated in Illustration 3 above), Defendant's infringement of PurposeBuilt Brands' other rights, and Defendant's continuing disregard for PurposeBuilt Brands' rights.

35. PurposeBuilt Brands is entitled to injunctive relief, and PurposeBuilt Brands is entitled to recover at least Defendant's profits, PurposeBuilt Brands' actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## Count III:
## Trademark Dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

36. PurposeBuilt Brands re-alleges each and every allegation set forth in paragraphs 1 through 35 above, inclusive, and incorporates them by reference herein.

16

37. Defendant's advertisement, promotion, offers to sell, sales, distribution, manufacture, and/or importation of the 1 Minute Outdoor Cleaner Products, in direct competition with PurposeBuilt Brands, violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark and/or colorable imitations thereof is likely to cause, and has caused, dilution of PurposeBuilt Brands' famous Brush Stroke Trademark at least by eroding the public's exclusive identification of PurposeBuilt Brands' famous Brush Stroke Trademark with PurposeBuilt Brands and PurposeBuilt Brands' products, by lessening the capacity of PurposeBuilt Brands' famous Brush Stroke Trademark to identify and distinguish PurposeBuilt Brands' products, and by impairing the distinctiveness of PurposeBuilt Brands' famous Brush Stroke Trademark.

38. PurposeBuilt Brands' Brush Stroke Trademark is famous and is entitled to protection under the Lanham Act. PurposeBuilt Brands' Brush Stroke Trademark is inherently distinctive. PurposeBuilt Brands' Brush Stroke Trademark also has acquired distinctiveness through PurposeBuilt Brands' extensive and continuous promotion and use of PurposeBuilt Brands' Brush Stroke Trademark in the United States. Through that extensive and continuous use, PurposeBuilt Brands' Brush Stroke Trademark has become a famous, well-known indicator of the origin and quality of PurposeBuilt Brands' products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of PurposeBuilt Brands and PurposeBuilt Brands' products. PurposeBuilt Brands' Brush Stroke Trademark has also acquired substantial secondary meaning in the marketplace. Moreover, PurposeBuilt Brands' Brush Stroke Trademark became famous and acquired this secondary meaning before Defendant commenced its unlawful use of PurposeBuilt Brands' Brush Stroke

Trademark and colorable imitations thereof in connection with the infringing 1 Minute Outdoor Cleaner Products.

39.     Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark and/or colorable imitations thereof in connection with the infringing products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to PurposeBuilt Brands for which PurposeBuilt Brands has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with PurposeBuilt Brands' Brush Stroke Trademark, PurposeBuilt Brands' products, and PurposeBuilt Brands.

40.     On information and belief, Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark and/or colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the 1 Minute Outdoor Cleaner Products to PurposeBuilt Brands' 30 Seconds Outdoor Cleaner® Products (as demonstrated in Illustration 3 above), Defendant's infringement of PurposeBuilt Brands' other rights, and Defendant's continuing disregard for PurposeBuilt Brands' rights.

41.     PurposeBuilt Brands is entitled to injunctive relief, and PurposeBuilt Brands is entitled to recover at least Defendant's profits, PurposeBuilt Brands' actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count IV:**
**Trademark Dilution under 765 ILCS 1036/65 of the Illinois Trademark**
**Registration and Protection Act**

42.     PurposeBuilt Brands re-alleges each and every allegation set forth in paragraphs 1 through 41 above, inclusive, and incorporates them by reference herein.

18

43. Defendant's advertisement, promotion, offers to sell, sales, distribution, manufacture, and/or importation of the 1 Minute Outdoor Cleaner Products, in direct competition with PurposeBuilt Brands, violate 765 ILCS 1036/65 of the Illinois Trademark Registration and Protection Act. Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark and/or colorable imitations thereof is likely to cause, and has caused, dilution of PurposeBuilt Brands' famous Brush Stroke Trademark at least by eroding the public's exclusive identification of PurposeBuilt Brands' famous Brush Stroke Trademark with PurposeBuilt Brands and PurposeBuilt Brands' products, by lessening the capacity of PurposeBuilt Brands' famous Brush Stroke Trademark to identify and distinguish PurposeBuilt Brands' products, and by impairing the distinctiveness of PurposeBuilt Brands' famous Brush Stroke Trademark, and such dilution occurs regardless of the presence of competition between PurposeBuilt Brands and Defendant.

44. PurposeBuilt Brands' Brush Stroke Trademark is famous in Illinois and entitled to protection under Illinois law. PurposeBuilt Brands' Brush Stroke Trademark is inherently distinctive. PurposeBuilt Brands has extensively and continuously promoted and used PurposeBuilt Brands' Brush Stroke Trademark, including in the State of Illinois. Through that extensive and continuous use, PurposeBuilt Brands' Brush Stroke Trademark has become a famous, well-known indicator of the origin and quality of PurposeBuilt Brands' products, including in the State of Illinois. PurposeBuilt Brands' Brush Stroke Trademark has also acquired substantial secondary meaning in the marketplace, including in the State of Illinois. Moreover, PurposeBuilt Brands' Brush Stroke Trademark became famous and acquired this secondary meaning before Defendant commenced its unlawful use of PurposeBuilt Brands' Brush Stroke Trademark and colorable imitations thereof in connection with the infringing 1 Minute Outdoor Cleaner Products.

45. Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark and/or colorable imitations thereof in connection with the infringing products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to PurposeBuilt Brands for which PurposeBuilt Brands has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with PurposeBuilt Brands' Brush Stroke Trademark, PurposeBuilt Brands' products, and PurposeBuilt Brands.

46. On information and belief, Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark and/or colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the 1 Minute Outdoor Cleaner Products to PurposeBuilt Brands' 30 Seconds Outdoor Cleaner® Products (as demonstrated in Illustration 3 above), Defendant's infringement of PurposeBuilt Brands' other rights, and Defendant's continuing disregard for PurposeBuilt Brands' rights.

47. PurposeBuilt Brands is entitled to injunctive relief, and PurposeBuilt Brands is also entitled to recover at least Defendant's profits, damages, enhanced profits and damages, and reasonable attorney fees under 765 ILCS 1036/65 and 1036/70.

### Count V:
### Trade Dress Infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

48. PurposeBuilt Brands re-alleges each and every allegation set forth in paragraphs 1 through 47, inclusive, and incorporates them by reference herein.

49. Defendant's advertisement, promotion, offers to sell, sales, distribution, manufacture, and/or importation of the 1 Minute Outdoor Cleaner Products violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by infringing PurposeBuilt Brands' Trade Dress. Defendant's use of PurposeBuilt Brands' Trade Dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or

20

association of Defendant with PurposeBuilt Brands and as to the origin, sponsorship, and/or approval of the infringing 1 Minute Outdoor Cleaner Products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with PurposeBuilt Brands

50. PurposeBuilt Brands' Trade Dress is entitled to protection under the Lanham Act. PurposeBuilt Brands' Trade Dress uses unique, distinctive, and non-functional designs. PurposeBuilt Brands has extensively and continuously promoted and used PurposeBuilt Brands' Trade Dress in the United States. Through that extensive and continuous use, PurposeBuilt Brands' Trade Dress has become a well-known indicator of the origin and quality of PurposeBuilt Brands' products. PurposeBuilt Brands' Trade Dress has also acquired substantial secondary meaning in the marketplace. Moreover, PurposeBuilt Brands' Trade Dress acquired this secondary meaning before Defendant commenced its unlawful use of PurposeBuilt Brands' Trade Dress and colorable imitations thereof in connection with the infringing 1 Minute Outdoor Cleaner Products.

51. Defendant's use of PurposeBuilt Brands' Trade Dress and/or colorable imitations thereof in connection with the infringing products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to PurposeBuilt Brands for which PurposeBuilt Brands has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with PurposeBuilt Brands' Trade Dress, PurposeBuilt Brands' products, and PurposeBuilt Brands.

52. On information and belief, Defendant's use of PurposeBuilt Brands' Trade Dress and/or colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the 1 Minute Outdoor Cleaner Products to

21

PurposeBuilt Brands' 30 Seconds Outdoor Cleaner® Products (as demonstrated in Illustration 3 above), Defendant's infringement of PurposeBuilt Brands' other rights, and Defendant's continuing disregard for PurposeBuilt Brands' rights.

53. PurposeBuilt Brands is entitled to injunctive relief, and PurposeBuilt Brands is entitled to recover at least Defendant's profits, PurposeBuilt Brands' actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count VI:**
**Trade Dress Dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

54. PurposeBuilt Brands re-alleges each and every allegation set forth in paragraphs 1 through 53, inclusive, and incorporates them by reference herein.

55. Defendant's advertisement, promotion, offers to sell, sales, distribution, manufacture, and/or importation of the 1 Minute Outdoor Cleaner Products, in direct competition with PurposeBuilt Brands, violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Defendant's use of PurposeBuilt Brands' Trade Dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of PurposeBuilt Brands' famous Trade Dress at least by eroding the public's exclusive identification of PurposeBuilt Brands' famous Trade Dress with PurposeBuilt Brands and PurposeBuilt Brands' products, by lessening the capacity of PurposeBuilt Brands' famous Trade Dress to identify and distinguish PurposeBuilt Brands' products, and by impairing the distinctiveness of PurposeBuilt Brands' famous Trade Dress.

56. PurposeBuilt Brands' Trade Dress is famous and is entitled to protection under the Lanham Act. PurposeBuilt Brands' Trade Dress uses unique, distinctive, and non-functional designs. PurposeBuilt Brands' Trade Dress has acquired distinctiveness through PurposeBuilt Brands' extensive and continuous promotion and use of PurposeBuilt Brands' Trade Dress in the

United States. Through that extensive and continuous use, PurposeBuilt Brands' Trade Dress has become a famous, well-known indicator of the origin and quality of PurposeBuilt Brands' products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of PurposeBuilt Brands and PurposeBuilt Brands' products. PurposeBuilt Brands' Trade Dress has also acquired substantial secondary meaning in the marketplace. Moreover, PurposeBuilt Brands' Trade Dress became famous and acquired this secondary meaning before Defendant commenced its unlawful use of PurposeBuilt Brands' Trade Dress and colorable imitations thereof in connection with the infringing 1 Minute Outdoor Cleaner Products.

57.     Defendant's use of PurposeBuilt Brands' Trade Dress and/or colorable imitations thereof in connection with the infringing products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to PurposeBuilt Brands for which PurposeBuilt Brands has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with PurposeBuilt Brands' Trade Dress, PurposeBuilt Brands' products, and PurposeBuilt Brands.

58.     On information and belief, Defendant's use of PurposeBuilt Brands' Trade Dress and/or colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the 1 Minute Outdoor Cleaner Products to PurposeBuilt Brands' 30 Seconds Outdoor Cleaner® Products (as demonstrated in Illustration 3 above), Defendant's infringement of PurposeBuilt Brands' other rights, and Defendant's continuing disregard for PurposeBuilt Brands' rights.

59.     PurposeBuilt Brands is entitled to injunctive relief, and PurposeBuilt Brands is entitled to recover at least Defendant's profits, PurposeBuilt Brands' actual damages, enhanced

profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count VII:**
**Trade Dress Dilution under 765 ILCS 1036/65 of the Illinois Trademark**
**Registration and Protection Act**

60.     PurposeBuilt Brands re-alleges each and every allegation set forth in paragraphs 1 through 59, inclusive, and incorporates them by reference herein.

61.     Defendant's advertisement, promotion, offers to sell, sales, distribution, manufacture, and/or importation of the 1 Minute Outdoor Cleaner Products, in direct competition with PurposeBuilt Brands, violate 765 ILCS 1036/65 of the Illinois Trademark Registration and Protection Act. Defendant's use of PurposeBuilt Brands' Trade Dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of PurposeBuilt Brands' famous Trade Dress at least by eroding the public's exclusive identification of PurposeBuilt Brands' famous Trade Dress with PurposeBuilt Brands and PurposeBuilt Brands' products, by lessening the capacity of PurposeBuilt Brands' famous Trade Dress to identify and distinguish PurposeBuilt Brands' products, and by impairing the distinctiveness of PurposeBuilt Brands' famous Trade Dress, and such dilution occurs regardless of the presence of competition between PurposeBuilt Brands and Defendant.

62.     PurposeBuilt Brands' Trade Dress is famous in Illinois and entitled to protection under Illinois law. PurposeBuilt Brands' Trade Dress uses unique, distinctive, and non-functional designs. PurposeBuilt Brands has extensively and continuously promoted and used PurposeBuilt Brands' Trade Dress, including in the State of Illinois. Through that extensive and continuous use, PurposeBuilt Brands' Trade Dress has become a famous, well-known indicator of the origin and quality of PurposeBuilt Brands' products, including in the State of Illinois. PurposeBuilt

Brands' Trade Dress has also acquired substantial secondary meaning in the marketplace, including in the State of Illinois. Moreover, PurposeBuilt Brands' Trade Dress became famous and acquired this secondary meaning before Defendant commenced its unlawful use of PurposeBuilt Brands' Trade Dress and colorable imitations thereof in connection with the infringing 1 Minute Outdoor Cleaner Products

63. Defendant's use of PurposeBuilt Brands' Trade Dress and/or colorable imitations thereof in connection with the infringing products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to PurposeBuilt Brands for which PurposeBuilt Brands has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with PurposeBuilt Brands' Trade Dress, PurposeBuilt Brands' products, and PurposeBuilt Brands.

64. On information and belief, Defendant's use of PurposeBuilt Brands' Trade Dress and/or colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the 1 Minute Outdoor Cleaner Products to PurposeBuilt Brands' 30 Seconds Outdoor Cleaner® Products (as demonstrated in Illustration 3 above), Defendant's infringement of PurposeBuilt Brands' other rights, and Defendant's continuing disregard for PurposeBuilt Brands' rights.

65. PurposeBuilt Brands is entitled to injunctive relief, and PurposeBuilt Brands is also entitled to recover at least Defendant's profits, damages, enhanced profits and damages, and reasonable attorney fees under 765 ILCS 1036/65 and 1036/70.

25

**Count VIII:**
**Unfair Competition and False Designation of Origin under Section 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

66.     PurposeBuilt Brands re-alleges each and every allegation set forth in paragraphs 1 through 65, inclusive, and incorporates them by reference herein.

67.     Defendant's advertisement, promotion, offers to sell, sales, distribution, manufacture, and/or importation of the 1 Minute Outdoor Cleaner Products, in direct competition with PurposeBuilt Brands, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and constitute unfair competition and false designation of origin, at least because Defendant has obtained an unfair advantage as compared to PurposeBuilt Brands through Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark, PurposeBuilt Brands' Trade Dress, and/or colorable imitations thereof, and because such uses are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of Defendant's infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with PurposeBuilt Brands.

68.     PurposeBuilt Brands' Brush Stroke Trademark and Trade Dress are entitled to protection under the Lanham Act. PurposeBuilt Brands' Trade Dress uses unique, distinctive, and non-functional designs. PurposeBuilt Brands' Brush Stroke Trademark is inherently distinctive. PurposeBuilt Brands has extensively and continuously promoted and used PurposeBuilt Brands' Brush Stroke Trademark and Trade Dress in the United States. Through that extensive and continuous use, PurposeBuilt Brands' Brush Stroke Trademark and Trade Dress have become well-known indicators of the origin and quality of PurposeBuilt Brands' products. PurposeBuilt Brands' Brush Stroke Trademark and Trade Dress have also acquired substantial secondary meaning in the marketplace. Moreover, PurposeBuilt Brands' Brush Stroke

26

Trademark and Trade Dress acquired this secondary meaning before Defendant commenced its unlawful use of PurposeBuilt Brands' Brush Stroke Trademark, PurposeBuilt Brands' Trade Dress, and colorable imitations thereof in connection with the infringing 1 Minute Outdoor Cleaner Products.

69.     Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark, PurposeBuilt Brands' Trade Dress, and/or colorable imitations thereof in connection with the infringing products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to PurposeBuilt Brands for which PurposeBuilt Brands has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with PurposeBuilt Brands' Brush Stroke Trademark, PurposeBuilt Brands' Trade Dress, PurposeBuilt Brands' products, and PurposeBuilt Brands.

70.     On information and belief, Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark, PurposeBuilt Brands' Trade Dress, and/or colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the 1 Minute Outdoor Cleaner Products to PurposeBuilt Brands' 30 Seconds Outdoor Cleaner® Products (as demonstrated in Illustration 3 above) and Defendant's continuing disregard for PurposeBuilt Brands' rights.

71.     PurposeBuilt Brands is entitled to injunctive relief, and PurposeBuilt Brands is entitled to recover at least Defendant's profits, PurposeBuilt Brands' actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count IX:**
**Violation of the Illinois Uniform Deceptive Trade Practices Act**

72.  PurposeBuilt Brands re-alleges each and every allegation set forth in paragraphs 1 through 71, inclusive, and incorporates them by reference herein.

73.  Through the activities described above, Defendant has engaged in deceptive trade practices as defined in the Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq*., by causing a likelihood of confusion as to the source, sponsorship, and/or approval of PurposeBuilt Brands and PurposeBuilt Brands' products with Defendant and its products.

74.  PurposeBuilt Brands' Brush Stroke Trademark and Trade Dress are entitled to protection under Illinois law. PurposeBuilt Brands' Trade Dress uses unique, distinctive, and non-functional designs. PurposeBuilt Brands' Brush Stroke Trademark is inherently distinctive. PurposeBuilt Brands has extensively and continuously promoted and used PurposeBuilt Brands' Brush Stroke Trademark and Trade Dress, including in the State of Illinois. Through that extensive and continuous use, PurposeBuilt Brands' Brush Stroke Trademark and Trade Dress have become famous, well-known indicators of the origin and quality of PurposeBuilt Brands' products, including in the State of Illinois. PurposeBuilt Brands' Brush Stroke Trademark and Trade Dress have also acquired substantial secondary meaning in the marketplace, including in the State of Illinois. Moreover, PurposeBuilt Brands' Brush Stroke Trademark and Trade Dress became famous and acquired this secondary meaning before Defendant commenced its unlawful use of PurposeBuilt Brands' Brush Stroke Trademark, PurposeBuilt Brands' Trade Dress, and colorable imitations thereof in connection with the infringing 1 Minute Outdoor Cleaner Products.

75.  Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark, PurposeBuilt Brands' Trade Dress, and/or colorable imitations thereof in connection with the infringing

28

products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to PurposeBuilt Brands for which PurposeBuilt Brands has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with PurposeBuilt Brands' Brush Stroke Trademark, PurposeBuilt Brands' Trade Dress, PurposeBuilt Brands' products, and PurposeBuilt Brands.

76. On information and belief, Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark, PurposeBuilt Brands' Trade Dress, and/or colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the 1 Minute Outdoor Cleaner Products to PurposeBuilt Brands' 30 Seconds Outdoor Cleaner® Products (as demonstrated in Illustration 3 above) and Defendant's continuing disregard for PurposeBuilt Brands' rights.

77. PurposeBuilt Brands is entitled to injunctive relief, and PurposeBuilt Brands is also entitled to recover costs and reasonable attorney fees under 815 ILCS 510/3.

**Count X:**
**Violation of the Illinois Fraud and Deceptive Business Practices Act**

78. PurposeBuilt Brands re-alleges each and every allegation set forth in paragraphs 1 through 77, inclusive, and incorporates them by reference herein.

79. Through the activities described above, Defendant has engaged in unfair methods of competition and unfair and deceptive acts, including conduct likely to confuse consumers as to the origin of PurposeBuilt Brands' 30 Seconds Outdoor Cleaner® Products and Defendant's 1 Minute Outdoor Cleaner Products. Defendant's activities violate the Illinois Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

80.     Defendant's activities alleged above constitute deceptive trade practices as defined in the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, and for that reason also violate the Illinois Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

81.     Defendant's deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns because the deceptive practices have caused and continue to cause injury to consumers. Unless said acts are restrained by this Court, Defendant's deceptive business practices will continue and the public will continue to suffer great and irreparable injury.

82.     Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark, PurposeBuilt Brands' Trade Dress, and/or colorable imitations thereof in connection with the infringing products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to PurposeBuilt Brands for which PurposeBuilt Brands has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with PurposeBuilt Brands' Brush Stroke Trademark, PurposeBuilt Brands' Trade Dress, PurposeBuilt Brands' products, and PurposeBuilt Brands.

83.     On information and belief, Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark, PurposeBuilt Brands' Trade Dress, and/or colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the 1 Minute Outdoor Cleaner Products to PurposeBuilt Brands' 30 Seconds Outdoor Cleaner® Products (as demonstrated in Illustration 3 above) and Defendant's continuing disregard for PurposeBuilt Brands' rights.

84. PurposeBuilt Brands is entitled to injunctive relief, and PurposeBuilt Brands is also entitled to recover at least Defendants' damages, costs, and reasonable attorney fees under at least 815 ILCS 505/10a.

## Count XI:
## Common Law Trademark Infringement

85. PurposeBuilt Brands re-alleges each and every allegation set forth in paragraphs 1 through 84, inclusive, and incorporates them by reference herein.

86. Defendant's advertisement, promotion, offers to sell, sales, distribution, manufacture, and/or importation of the 1 Minute Outdoor Cleaner Products, in direct competition with PurposeBuilt Brands, constitute common law trademark infringement, at least because Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with PurposeBuilt Brands.

87. PurposeBuilt Brands' Brush Stroke Trademark is entitled to protection under the common law. PurposeBuilt Brands has extensively and continuously promoted and used PurposeBuilt Brands' Brush Stroke Trademark in the United States and the State of Illinois. Through that extensive and continuous use, PurposeBuilt Brands' Brush Stroke Trademark has become a well-known indicator of the origin and quality of PurposeBuilt Brands' products. PurposeBuilt Brands' Brush Stroke Trademark has also acquired substantial secondary meaning in the marketplace. Moreover, PurposeBuilt Brands' Brush Stroke Trademark acquired this secondary meaning before Defendant commenced its unlawful use of PurposeBuilt Brands' Brush Stroke Trademark and colorable imitations thereof in connection with the infringing 1 Minute Outdoor Cleaner Products.

88. Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark and/or colorable imitations thereof in connection with the infringing products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to PurposeBuilt Brands for which PurposeBuilt Brands has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with PurposeBuilt Brands' Brush Stroke Trademark, PurposeBuilt Brands' products, and PurposeBuilt Brands.

89. On information and belief, Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark and/or colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the 1 Minute Outdoor Cleaner Products to PurposeBuilt Brands' 30 Seconds Outdoor Cleaner® Products (as demonstrated in Illustration 3 above), Defendant's infringement of PurposeBuilt Brands' other rights, and Defendant's continuing disregard for PurposeBuilt Brands' rights.

90. PurposeBuilt Brands is entitled to injunctive relief, and PurposeBuilt Brands is entitled to recover at least PurposeBuilt Brands' damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

**Count XII:**
**Common Law Trade Dress Infringement**

91. PurposeBuilt Brands re-alleges each and every allegation set forth in paragraphs 1 through 90, inclusive, and incorporates them by reference herein.

92. Defendant's advertisement, promotion, offers to sell, sales, distribution, manufacture, and/or importation of the 1 Minute Outdoor Cleaner Products, in direct competition with PurposeBuilt Brands, constitute common law trade dress infringement, at least because Defendant's use of PurposeBuilt Brands' Trade Dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the

32

infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with PurposeBuilt Brands.

93. PurposeBuilt Brands' Trade Dress is entitled to protection under the common law. PurposeBuilt Brands' Trade Dress uses unique, distinctive, and non-functional designs. PurposeBuilt Brands has extensively and continuously promoted and used PurposeBuilt Brands' Trade Dress in the United States and the State of Illinois. Through that extensive and continuous use, PurposeBuilt Brands' Trade Dress has become a well-known indicator of the origin and quality of PurposeBuilt Brands' products. PurposeBuilt Brands' Trade Dress has also acquired substantial secondary meaning in the marketplace. Moreover, PurposeBuilt Brands' Trade Dress acquired this secondary meaning before Defendant commenced its unlawful use of PurposeBuilt Brands' Trade Dress and colorable imitations thereof in connection with the infringing 1 Minute Outdoor Cleaner Products

94. Defendant's use of PurposeBuilt Brands' Trade Dress and/or colorable imitations thereof in connection with the infringing products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to PurposeBuilt Brands for which PurposeBuilt Brands has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with PurposeBuilt Brands' Trade Dress, PurposeBuilt Brands' products, and PurposeBuilt Brands.

95. On information and belief, Defendant's use of PurposeBuilt Brands' Trade Dress and/or colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the 1 Minute Outdoor Cleaner Products to PurposeBuilt Brands' 30 Seconds Outdoor Cleaner® Products (as demonstrated in Illustration 3

33

above), Defendant's infringement of PurposeBuilt Brands' other rights, and Defendant's continuing disregard for PurposeBuilt Brands' rights.

96.     PurposeBuilt Brands is entitled to injunctive relief, and PurposeBuilt Brands is entitled to recover at least PurposeBuilt Brands' damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

**Count XIII:**
**Common Law Unfair Competition and Dilution**

97.     PurposeBuilt Brands re-alleges each and every allegation set forth in paragraphs 1 through 96 above, inclusive, and incorporates them by reference herein.

98.     Defendant's advertisement, promotion, offers to sell, sales, distribution, manufacture, and/or importation of the 1 Minute Outdoor Cleaner Products, in direct competition with PurposeBuilt Brands, constitute common law unfair competition, dilution, palming-off and passing-off against PurposeBuilt Brands, at least by palming off/passing off of Defendant's goods, by simulating PurposeBuilt Brands' Brush Stroke Trademark and Trade Dress in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of Defendant's infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with PurposeBuilt Brands.

99.     PurposeBuilt Brands' Brush Stroke Trademark and Trade Dress are entitled to protection under the common law. PurposeBuilt Brands' Trade Dress uses unique, distinctive, and non-functional designs. PurposeBuilt Brands' Brush Stroke Trademark is inherently distinctive. PurposeBuilt Brands has extensively and continuously promoted and used PurposeBuilt Brands' Brush Stroke Trademark and Trade Dress in the United States and the State of Illinois. Through that extensive and continuous use, PurposeBuilt Brands' Brush Stroke

34

Trademark and Trade Dress have become well-known indicators of the origin and quality of PurposeBuilt Brands' products. PurposeBuilt Brands' Brush Stroke Trademark and Trade Dress have also acquired substantial secondary meaning in the marketplace. Moreover, PurposeBuilt Brands' Brush Stroke Trademark and Trade Dress acquired this secondary meaning before Defendant commenced its unlawful use of PurposeBuilt Brands' Brush Stroke Trademark, PurposeBuilt Brands' Trade Dress, and colorable imitations thereof in connection with the infringing 1 Minute Outdoor Cleaner Products.

100.  Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark, PurposeBuilt Brands' Trade Dress, and/or colorable imitations thereof in connection with the infringing products has caused and, unless enjoined, will continue to cause substantial and irreparable injury to PurposeBuilt Brands for which PurposeBuilt Brands has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with PurposeBuilt Brands' Brush Stroke Trademark, PurposeBuilt Brands' Trade Dress, PurposeBuilt Brands' products, and PurposeBuilt Brands.

101.  On information and belief, Defendant's use of PurposeBuilt Brands' Brush Stroke Trademark, PurposeBuilt Brands' Trade Dress, and/or colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the 1 Minute Outdoor Cleaner Products to PurposeBuilt Brands' 30 Seconds Outdoor Cleaner® Products (as demonstrated in Illustration 3 above) and Defendant's continuing disregard for PurposeBuilt Brands' rights.

102.  PurposeBuilt Brands is entitled to injunctive relief, and PurposeBuilt Brands is entitled to recover at least PurposeBuilt Brands' damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

**Demand for Jury Trial**

PurposeBuilt Brands hereby demands a jury trial on all issues so triable.

**Relief Sought**

WHEREFORE, Plaintiff respectfully prays for:

1.      Judgment that Defendant has (i) infringed PurposeBuilt Brands' U.S. Trademark Registration Nos. 4,785,878 and 4,900,461 in violation of § 1114(1) of Title 15 in the United States Code; (ii) infringed PurposeBuilt Brands' Brush Stroke Trademark in violation of § 1125(a) of Title 15 of the United States Code; (iii) diluted PurposeBuilt Brands' Brush Stroke Trademark in violation of § 1125(c) of Title 15 in the United States Code; (iv) diluted PurposeBuilt Brands' Brush Stroke Trademark in violation of the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/65; (v) infringed PurposeBuilt Brands' Trade Dress in violation of § 1125(a) of Title 15 of the United States Code; (vi) diluted PurposeBuilt Brands' Trade Dress in violation of § 1125(c) of Title 15 in the United States Code; (vii) diluted PurposeBuilt Brands' Trade Dress in violation of the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/65; (viii) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (ix) violated the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq*.; (x) violated the Illinois Fraud and Deceptive Business Practices Act, 815 ILCS 505/2; (xi) violated PurposeBuilt Brands' common law rights in PurposeBuilt Brands' Brush Stroke Trademark; (xii) violated PurposeBuilt Brands' common law rights in PurposeBuilt Brands' Trade Dress; (xiii) engaged in common law unfair competition and dilution, and that all of these wrongful activities by Defendant were willful;

36

2.     An injunction against further infringement and dilution of the PurposeBuilt Brands' Brush Stroke Trademark and Trade Dress, further acts of unfair competition by Defendant, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the 1 Minute Outdoor Cleaner Products, or any other products that use a copy, reproduction, or colorable imitation of PurposeBuilt Brands' Brush Stroke Trademark and/or Trade Dress, pursuant to at least 15 U.S.C. § 1116, 765 ILCS 1036/65, 815 ILCS 505/10a, and 815 ILCS 510/3;

3.     An Order directing Defendant to recall all 1 Minute Outdoor Cleaner Products sold and/or distributed and provide a full refund for all recalled 1 Minute Outdoor Cleaner Products;

4.     An Order directing the destruction of (i) all 1 Minute Outdoor Cleaner Products, including all recalled 1 Minute Outdoor Cleaner Products, (ii) any other products that use a copy, reproduction, or colorable imitation of PurposeBuilt Brands' Brush Stroke Trademark or Trade Dress in Defendant's possession or control, (iii) all means of making the 1 Minute Outdoor Cleaner Products in Defendant's possession, custody or control, and (iv) all advertising materials related to the 1 Minute Outdoor Cleaner Products in Defendant's possession, custody or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.     An Order directing Defendant to publish a public notice providing proper attribution of PurposeBuilt Brands' Brush Stroke Trademark and Trade Dress to PurposeBuilt Brands, and to provide a copy of this notice to all customers, distributors, and/or others from whom the 1 Minute Outdoor Cleaner Products are recalled;

6.     An Order barring importation of 1 Minute Outdoor Cleaner Products and/or colorable imitations thereof into the United States, and barring entry of the 1 Minute Outdoor Cleaner Products and/or colorable imitations thereof into any customhouse of the United States, pursuant to 15 U.S.C. § 1125(b);

7.     An award of Defendant's profits, PurposeBuilt Brands' actual damages, enhanced damages, exemplary damages, costs, prejudgment and postjudgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. § 1117, 765 ILCS 1036/65 and 1036/70, and 815 ILCS 505/10a; and

8.     Such other and further relief as this Court deems just and proper.


Dated: May 26, 2026                         Respectfully submitted,


                                            By: /s/ Eric J. Hamp
                                            Anna L. King
                                            Illinois Bar No. 6295284
                                            aking@bannerwitcoff.com
                                            Eric J. Hamp
                                            Illinois Bar No. 6306101
                                            ehamp@bannerwitcoff.com
                                            Anthony J. Denis
                                            Illinois Bar No. 6329599
                                            adenis@bannerwitcoff.com
                                            Banner & Witcoff, Ltd.
                                            71 South Wacker Drive
                                            Suite 3600
                                            Chicago, IL 60606
                                            Telephone: (312) 463-5000
                                            Facsimile: (312) 463-5001

                                            **ATTORNEYS FOR PURPOSEBUILT
                                            BRANDS, INC.**